Green, Judge,
delivered the opinion of the Court:
The two cases above named have been submitted together upon similar facts.
*245 In each case it appears that the plaintiff had enlisted in the United States Navy and by successive reenlistments and promotions acquired the rank of commissioned warrant officer and after having been in active service more than thirty years and having had more than ten years’ commissioned service was retired in accordance with the recommendation of the Board of Medical Survey before which he had appeared which found that the plaintiff was incapacitated for active service by reason of physical disability and that his incapacity was permanent and a result of an incident of the service. Thereafter the plaintiff in each case was notified by the Secretary of the Navy that the findings of the Naval Retiring Board had been approved and he was retired from active service and placed on the retired list in conformity with the provisions of the United States Code, Title 34, Section 417, and shortly afterwards each plaintiff was advised that the President of the United States had approved the proceedings and findings of the Naval Retiring Board and that he was to regard himself as having been transferred to the retired list of officers of the Navy in accordance with the provisions of the section last referred to above.
In each case, the plaintiff since his retirement has been receiving pay at the rate of $172.50 per month (less a deduction under the Economy Act) which is seventy-five percent of the pay of a commissioned warrant officer with over ten years’ commissioned service.
Plaintiff in each case claims that he was entitled to be on the retired list with three-fourths of the highest pay of the grade in which he served at the time he was retired, that is, $225 per month as provided by the Act of May 13, 1908 (U. S. Code, Title 34, Section 383), and he claims a difference between the rate of $225 per month and $172.50 a month for the period during which he has been retired.
Section 417, Title 34, United States Code, provides:
When a retiring board finds that an officer is incapacitated for active service, and that his incapacity is the result of an incident of the service, such officer shall, if said decision is approved by the President, be retired from active service with retired pay (R. S. 1453).
*246 Section 991, Title 34, United States Code, provides:
Except as otherwise provided by law, the pay of all officers of the Navy who have been retired on account of age or length of service, or: on account of incapacity resulting from long and faithful service, from wounds or injuries received in the line of duty, or from sickness or exposure therein, shall, when not on active duty, be equal to 75 per centum of the pay provided by law for the grade or rank which they held, respectively,'at the time of their retirement; and the pay of all other officers on the retired list shall, when not on active duty, be equal to one-half the pay provided by law for the grade or rank held by them, respectively, at the time of their retirement (E. S. 1588; May 30, 1908, c. 227, 35 Stat. 501; Aug. 29, 1916, c. 417, 39‘Stat. 579).
Section 383, Title 34, United States Code, provides:
When an officer of the Navy has been thirty years in the service, he may, upon his own application, in the discretion of the President, be retired from active service and placed upon the retired list with three-fourths of the highest pay of his grade (May 13, 1908, c. 166, 35 Stat. 128).
The plaintiff in each case was retired under section 991 set out above and has received pay in accordance therewith. The respective plaintiffs make the contention that having been thirty years in the service, the retired pay should be based on section 383, Title 34, cited above, instead of section 991. It will be observed that section 383 provides that when an officer of the Navy has been thirty years in the service “he may, upon his own application, in the discretion of the President, be retired from active service and placed on the retired list.” The plaintiffs made no application for retirement and if they had so done the granting of retirement would have been entirely in the discretion of the President. Section 383 only requires that the officer shall have been thirty years in the service and make application for retirement. It does not make it necessary that the applicant should be incapacitated. It was evidently intended to make a provision for the retirement of officers who were still able to perform the duties of their position but havihg served thirty years desired to retire, and give them the choice of re *247 maining in the service or retiring upon three-fourths of the highest pay of their grade. The contention of the plaintiffs is that words “except as otherwise provided by law” in section 991 are intended to refer to and include the language of section 383 but as that section refers to an altogether different class of officers, namely those who were not incapacitated and desire to make application for retirement, while section 991 refers to those who are incapacitated and must be retired whether they desire such action or not, we think it is clear that section 383 has no application to the cases before us.
It follows that the petition in each case must be dismissed, and it is so ordered.
MaddeN, Judge; JoNes, Judge; Whitakee, Judge; and LittletoN, Judge, concur.